IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO A. PHILLIPS,<br><br>    Petitioner,<br><br>  vs.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | No. C 11-04707 EJD (PR)<br><br>ORDER TO SHOW CAUSE;<br>GRANTING MOTION FOR LEAVE<br>TO PROCEED *IN FORMA PAUPERIS*<br><br><br>(Docket No. 2) |

Petitioner, a state prisoner incarcerated at the Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2.)

## BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Alameda County Superior Court of murder and attempted car-jacking. (Pet. at 2.) Petitioner was sentenced to 28 years to life in state prison. (Id.)

Petitioner's conviction was affirmed on direct appeal. Petitioner filed the instant federal habeas petition on September 21, 2011.

Order to Show Cause; Granting IFP
G:\PRO-SE\SJ.EJD\HC.11\04707Phillips_osc&ifp.wpd

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner raises the following claims for federal habeas relief: 1) the trial court erred in excluding evidence of third party culpability; 2) the trial court erred in admitting unduly suggestive and unreliable identification evidence; 3) the trial court abused its discretion in excluding crime scene evidence to impeach witness' testimony; 4) the trial court erred in excluding evidence of a witness's bias; 5) the trial court erred in excluding evidence of a police officer's bias ; 6) prosecutorial misconduct; and 7) cumulative error. Liberally construed, these claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed <u>in forma pauperis,</u> (Docket No. 2), is GRANTED.

2. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on petitioner, within

1 **sixty (60) days** of the issuance of this order, an answer conforming in all respects to
2 Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
3 habeas corpus should not be issued. Respondent shall file with the answer and serve
4 on Petitioner a copy of all portions of the state trial record that have been transcribed
5 previously and that are relevant to a determination of the issues presented by the
6 petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

This order terminates Docket No. 2.

DATED: 2/10/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALFONZO A PHILLIPS,

        Petitioner,

  v.

CONNIE GIPSON, Warden,

        Respondent.

Case Number: CV11-04707 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/15/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfonzo A. Phillips G-00520
State Prison Corcoran
P. O. Box 3466
Corcoran, CA 93212

Dated: 2/15/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk